UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CEVERO GARCIA** : **DOCKET NO. 2:19-cv-1268**
  **D.O.C. # 368938**   **SECTION P**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**WARDEN VANNOY** : **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Cevero Garcia, who is proceeding *pro se* in this matter. Garcia is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.

This matter is before the court on initial review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, and has been referred to the undersigned for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636. For the following reasons **IT IS RECOMMEDED** that the petition be **DISMISSED** without prejudice to petitioner's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

# I.
## BACKGROUND

Garcia brings this petition to attack his conviction in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, for rape, and the resulting life sentence he received[1]. Doc. 1. He claims the trial court lacked jurisdiction to hold a trial and that "law 413(B) was illegal." *Id*. at p. 5.

Garcia first sought federal habeas relief in this court for the same conviction and sentence through a petition filed in this court under 28 U.S.C. § 2254 on November 15, 2000. That petition was rejected on the merits on April 2, 2002. *See Garcia v. Cain*, No. 2:00-cv-002539 (W.D. La. April 1, 2002). On July 10, 2008, Garcia filed a second petition under 28 U.S.C. § 2254, which was found successive and transferred to the United States Fifth Circuit Court of Appeal on March 9, 2009. *See Garcia v. Warden Louisiana State Penitentiary*, No. 2:08-cv-1005 (W.D. La. March 9, 2009). A third petition was filed on November 10, 2014, but dismissed without prejudice pursuant to petitioner's representation to the Court that he had not exhausted state court remedies. See *Garcia v. Cain*, 2:14-cv-3236 (W.D. La. Dec. 4, 2015.[2] Accordingly, this is Garcia's fourth petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed in this Court challenging the same conviction and sentence.

---

[1] Petitioner did not provide details regarding the conviction in the present petition. However, review of a prior petition filed in this Court establishes that he was convicted on May 16, 1996, one two counts of aggravated rape and sentenced to life imprisonment on each count. *See Garcia v. Cain*, Docket No. 2:00-cv-2539 (W. D. La. Nov. 15, 2000) at Doc. 5.

[2] The Court notes that this petition is not considered when determining that the instant petition is successive; it is only included to accurately reflect the number of petitions filed by Garcia in this court challenging the same conviction and sentence. *See Slack v. McDaniel*, 120 S. Ct. 1595 (2000) ("A § 2254 application filed after an earlier application that was dismissed without prejudice for failure to exhaust state court remedies is not a second or successive application." *See also In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997) (holding petitioner seeking to re-file habeas application after prior dismissal without prejudice for failure to exhaust state remedies is not required to comply with §2244(b)(3)(A) when he returns to federal court after exhausting those claims).

## II.
### LAW & APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. An application "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000). In this instance, the Court finds the present petition successive within the meaning of 28 U.S.C. § 2244(b). It contains claims that were or could have been raised in his earlier federal petitions.

When a petition is second or successive, then the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id*. § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id*. § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id*. § 2244(b)(3)(A) and (B).

From the face of this petition, it is apparent that this is a successive petition, and Garcia has not alleged or demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(1)-(3). As noted, in case number 2:08-cv-1005, this Court transferred Garcia's prior successive § 2254 petition to the court of appeals. *Id.* at doc. 11. After that transfer, the Fifth Circuit dismissed his appeal for want of prosecution. *Garcia v. Cain*, No. 13-30713 (5th Cir. Aug. 8, 2013). As Garcia has already been before the court of appeals with a motion for authorization to file a successive § 2254 petition challenging the same conviction he challenges in this case and failed to take the necessary steps to proceed therein, the Court will dismiss this § 2254 petition without prejudice to Garcia's right to seek authorization from the court of appeals.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 16th day of December, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE